RECEIVED
IN MONROE, LA.
APR 2 9 2011
Ac
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHARLES TAYLOR<br>LA. DOC#229964 | CIVIL ACTION NO. 11-0140 |
| VERSUS | JUDGE ROBERT G. JAMES |
| OWNER, LOUISIANA CORRECTIONAL<br>SERVICES, ET AL. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Plaintiff Charles Taylor's ("Taylor") civil rights Complaint has been pending before this Court since January 24, 2011. Taylor, who is in the custody of the Louisiana Department of Public Safety and Corrections ("LDOC"), is incarcerated at the Caldwell Detention Center in Grayson, Louisiana. He contends that inmates at that facility are not provided rehabilitation programs, work-release eligibility, or the opportunity to receive good-time credit.

On March 3, 2011, the Magistrate Judge issued an Order [Doc. No. 8] denying Taylor's Motion to Appoint Counsel [Doc. No. 5] and Motion for Transfer to Another Prison and for a Protective Order. [Doc. No. 6].

On March 16, 2011, the Clerk of Court received for filing Taylor's appeal [Doc. No. 9] of the Magistrate Judge's March 3, 2011 Order. However, Taylor stated that he did not challenge the Magistrate Judge's decision that he has not established exceptional circumstances which warrant appointment of counsel. Nor did he apparently challenge the Magistrate Judge's denial of his request for transfer and for a protective order. Instead, Taylor appeared to argue the substance of his denial of right to access to the courts and retaliation claims.

On April 1, 2011, the Court affirmed the Magistrate Judge's March 3, 2011 Order [Doc. No.

8] and denied Taylor's appeal [Doc. No. 9]. To the extent that Taylor raised new claims or information in support of his civil rights claims, the Court noted that those claims and/or information would be considered by the Magistrate Judge prior to the issuance of her Report and Recommendation.

On April 14, 2011, the Clerk of Court received for filing Taylor's notice of appeal [Doc. No. 12] of the Court's April 1, 2011 Order [Doc. No. 11].

On the same date, April 14, 2011, the Clerk of Court received Taylor's "Request for a Certificate of Appealability" ("COA") [Doc. No. 13]. In this document, Taylor requests that the Court issue a COA on six issues.

First, the Court notes that Taylor has filed a civil rights complaint. Once a final judgment is issued, if Taylor is dissatisfied with the result, he can appeal to the United States Court of Appeals for the Fifth Circuit, without the need for a COA. A COA is necessary in a *habeas* case, not a civil rights case.

However, no final judgment has issued. In fact, the Magistrate Judge has not even issued the Report and Recommendation. Thus, Taylor is attempting to take a permissive interlocutory appeal to the Fifth Circuit, pursuant to 28 U.S.C. 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Having reviewed the order and the record in this matter, the Court is of the opinion that its April 1, 2011 Order does not involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal will not materially advance the ultimate termination of the litigation. Therefore,

IT IS ORDERED that Taylor's Request for a Certificate of Appealability [Doc. No. 13], construed as a request for certification under 28 U.S.C. § 1292(b), is DENIED.

MONROE, LOUISIANA, this 28th day of April, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE